# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**ROBERT ETHERIDGE**                                                          **PLAINTIFF**

**V.**                                            **CIVIL ACTION NO.: 3:08CV004-SA-DS**

**LIBERTY MUTUAL INSURANCE COMPANY AND**
**AHART WILSON, JR.**                                                  **DEFENDANTS**

## MEMORANDUM OPINION GRANTING MOTION TO REMAND
## AND DENYING MOTION TO SEVER

Presently before the Court is the Plaintiff's Motion to Remand this matter to the Circuit Court of Marshall County, Mississippi pursuant to 28 U.S.C. § 1447. In opposition to remand, Liberty Mutual Insurance Company filed a Motion to Sever Misjoined Parties. The parties' motions have now been fully briefed and the Court, having considered the memoranda of authorities submitted by the parties, concludes that Plaintiff's Motion to Remand is granted, and Defendant Liberty Mutual's Motion to Sever is denied.

### I. Factual and Procedural Background

On April 28, 2005, Plaintiff was involved in an automobile accident with Defendant Wilson. Thereafter, Plaintiff filed this action in the Circuit Court of Marshall County, Mississippi, on December 4, 2007, asserting state law claims for, *inter alia*, negligence against Defendant Wilson and bad faith refusal to pay uninsured motorist benefits against Defendant Liberty Mutual.

Liberty Mutual timely removed this action on January 10, 2008, on the basis of diversity jurisdiction, alleging that the Plaintiff's claims against the Defendants have been improperly joined in this single action. Thereafter, Plaintiff motioned the Court to remand this matter to state court. While the parties do not contest the amount in controversy, the Plaintiff states that removal was not proper because Defendant Wilson is a resident of Mississippi. In response, Liberty Mutual asserts

that remand is not proper because the forum Defendant, Ahart Wilson, Jr., is improperly joined and requests severance under Federal Rule of Civil Procedure 21.

## II. Standard for Remand

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the districts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); Addo v. Globe Life and Accident Ins. Co., 230 F.3d 759, 761 (5th Cir. 2000).

Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). After removal of a case, the plaintiff may move for remand, and "[i]f it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-9, 61 S. Ct. 868, 85 L. Ed. 1214 (1941).

## III. Discussion

A.     Removal

This matter presently before the court deviates from a majority of state court actions removed to federal court. Plaintiff asserts that the Court lacks jurisdiction because this action contains a Defendant from the forum state, Mississippi. For removal to be proper, none of the

2

parties in interest can be a citizen of the State where the action was brought. 28 U.S.C. § 1441(b). The Plaintiff is a resident citizen of Tennessee. Defendant Liberty Mutual is an insurance company organized and existing under the laws of the State of Massachusetts with its principal place of business in Massachusetts. However, Defendant Wilson is a resident citizen of Mississippi. The Plaintiff filed this action in Marshall County, Mississippi, because a substantial part of the events giving rise to the Plaintiff's claim occurred there. Consequently, the requirements for removal are more stringent in such a case. Specifically, Congress has placed a limit on removal when the case is filed in a state and a resident defendant is properly joined. 28 U.S.C. § 1441(b).

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove any civil action of which the district courts of the United States have original jurisdiction. However, the defendant must meet the requirements set out in Section 1441(b). Under 28 U.S.C. § 1441(b), when a court's jurisdiction is "founded on a claim or right arising under the Constitution, treaties, or laws of the United States," the action is removable regardless of the citizenship of the parties. 28 U.S.C. § 1441(b). However, if the court does not have federal question jurisdiction and any of the defendants is a citizen of the state where the plaintiff brought suit, the action is not removable. See Id.

Even though Defendant Wilson is a resident of Mississippi, this will not destroy federal jurisdiction if the Court finds that he has been has been improperly joined in order to defeat federal jurisdiction. Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305 (5th Cir. 2002); Rodriguez v. Sabatino, 120 F.3d 589, 591 (5th Cir. 1997). However, should the Court find that the forum defendant is appropriately joined then federal diversity jurisdiction is lacking, and the Court must remand this matter to state court. See Travis v. Irby, 326 F.3d 644 (5th Cir. 2003).

B.   Misjoinder of Claims

Misjoinder of claims as a ground for disallowing remand was first adopted by the United States Court of Appeals for the Eleventh Circuit, and has subsequently been mentioned by the Fifth Circuit.  See Tapscott v. Miss. Dealer Service Corp., 77 F.3d 1353 (11th Cir. 1996); In re Benjamin Moore & Co., 309 F.3d 296 (5th Cir. 2002).  Mere misjoinder of claims, however, does not rise to the level of fraudulent misjoinder; to rise to that level, the misjoinder must be totally unsupported or "egregious" misjoinder.  Tapscott, 77 F.3d at 1360; Sweeney v. Sherwin Williams Co., 304 F. Supp. 2d 868, 872 (S.D. Miss. 2004).

The courts of this state have held that in a removed case, the question whether there has been fraudulent or improper misjoinder is determined by the state's rules on joinder.  See Palmero v. Letourneau Technologies, Inc., 542 F.Supp. 2d 499, 516 (S.D. Miss. 2008)( explaining that "[b]y utilizing the state rule 20, the district court recognizes the contours of its own jurisdiction in relation to the action as it was originally brought.").   Mohamed v. Mitchell, 2006 WL 212218, *1 (N.D. Miss. 2006) (stating that "[i]n determining whether any such egregious misjoinder has taken place in the case, Rule 20 of the Mississippi Rules of Civil Procedure applies"); Jackson v. Truly, 307 F. Supp. 2d 818, 824 (N.D. Miss. 2004) (reasoning that "since fraudulent misjoinder claims are clearly analogous to fraudulent joinder claims, and to the extent applying Mississippi Rule 20 instead of Federal Rule 20 will affect the outcome of a fraudulent misjoinder case, the Court will apply the Mississippi rule").

Defendant Liberty Mutual contends that the Plaintiff  misjoined his claim against Defendant Liberty Mutual with his claim against forum Defendant Wilson.  Plaintiff asserted claims against Liberty Mutual for, *inter alia*, breach of contract in connection with the subject April 28, 2005, car accident and against Wilson for negligence in connection with the accident.

As noted above, Rule 20 of the Mississippi Rules of Civil Procedure governs the joinder of the parties in this action. Rule 20 provides that:

> All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of actions or occurrences and if any question of law or fact common to all defendants will arise in the action.

MISS. R. CIV. P. 20(a).

In order for the joinder of the defendants to be proper in this case, there must be both common questions or fact and the rights asserted must arise out of the same transaction or series of transactions. Id.; Mercer v. Moody, 918 So.2d 664, 666 (Miss. 2005). The United States Supreme Court has held that the joinder of defendants is encouraged so long as there are enough ultimate factual concurrences that it would be fair to the defendants to require them to defend jointly. United Mine Workers v. Gibbs, 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966).

In the present case, there are common questions of law and fact that link the Plaintiff's allegations to both Defendants, and that the rights asserted by the Plaintiff against the Defendants arise out of the same transaction or series of transactions. The Plaintiff's allegations against the Defendants arise from their purported conduct relating to the car accident, and the ensuing insurance disputes, that occurred between the Plaintiff and Defendant Wilson on April 28, 2005. Moreover, the Mississippi Supreme Court has held that separate claims against a negligent tortfeasor and the injured party's insurer relating to the same car accident arise out of the "same transaction, occurrence, or series of transactions or occurrences" under Rule 20, and that such an accident is a distinct litigable event for Rule 20 purposes. Mercer, 918 So.2d at 666.

This Court holds that the subject car accident constitutes a distinct litigable event for Rule

20 purposes, and there are common questions of law and fact that link Plaintiff's allegations to both Defendants. Defendant Liberty Mutual has failed to prove that Defendant Wilson was improperly joined in order to defeat federal jurisdiction. Thus, Wilson is a proper party and jurisdiction is proper in state court. Accordingly, Plaintiff's Motion to Remand is granted.

C. Severance of Parties

As to Liberty Mutual's request for severance, Mississippi Rule of Civil Procedure 21 provides:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeding with separately.

MISS. R. CIV. P. 21.

Rule 21 applies, for example, when the joined parties do not meet the requisites of Rule 20. Cite Comment to Rule 21. Having established that the joined Defendants meet the requisites of Rule 20, this Court denies Liberty Mutual's Motion to Sever Misjoined Parties.

### IV. Conclusion

Liberty Mutual has failed to meet its burden of showing that this Court has jurisdiction over this matter. The Court further finds that Liberty Mutual has failed to prove that Defendant Wilson was improperly joined in order to defeat federal jurisdiction. Accordingly, the Court concludes that Plaintiff's Motion to Remand is GRANTED, and Defendant Liberty Mutual's Motion to Sever is DENIED.

A separate order in accordance with this opinion shall issue this day.

**SO ORDERED** this the 26th day of August 2008.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**